UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXUM INDEMNITY COMPANY,

   Plaintiff,

v.                                                     Case No: 8:16-cv-2680-T-30AEP

DIRTY FOOT MUD RANCH, LLC and
LAND DEVELOPMENT COMPANY OF
CENTRAL FLORIDA, LLC,

   Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Summary Judgment against Land Development Company of Central Florida, LLC (Dkt. 27), Plaintiff's Motion for Entry of Default Final Judgment against Dirty Foot Mud Ranch, LLC d/b/a Dirty Foot Adventure Run (Dkt. 28) and Defendant Land Development Company of Central Florida, LLC's Notice of No Opposition to DE 27 (Dkt. 30). The Court notes that neither party opposes Plaintiff's motions. Moreover, the motions are sufficiently supported by the facts and relevant law. Accordingly, the Court grants Plaintiff's motions and directs the Clerk to enter final judgment in Plaintiff's favor and against Defendants.

## BACKGROUND

Plaintiff Maxum Indemnity Company initiated this lawsuit seeking a judicial declaration that it does not owe any duty to defend or indemnify Defendants Dirty Foot Mud Ranch, LLC and Land Development Company of Central Florida,

LLC for a lawsuit filed by Adam Durden. Specifically, Maxum contends that there is no coverage for Durden's injuries he alleges he sustained during a mud race obstacle course running competition on Dirty Foot's premises because the Maxum policy includes exclusions for Athletic or Sports Participants or Performers and Participants and Contestants in any performance, contest, sport, or event.

On December 21, 2016, a Clerk's Default was entered against Dirty Foot for its failure to respond to the complaint (Dkt. 18). Maxum now moves for a default final judgment against Dirty Foot based on its default and the well-pleaded facts alleged in Maxum's complaint, which are deemed admitted.

Maxum also moves for summary judgment against Land Development Company based on the same exclusions in the subject policy. Although Land Development Company filed an answer to the complaint, Land Development Company notified the Court that it does not oppose the entry of judgment against it. *See* (Dkt. 30).

## **DISCUSSION**

As a threshold matter, the Court notes that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (2016) because the lawsuit is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

The record reflects that Durden sued Dirty Foot for injuries he sustained while competing in an obstacle course race on premises leased, owned, or operated by Dirty Foot ("Underlying Action"). Durden makes the following allegations:

- that Dirty Foot leased the subject premises, and designed and created an obstacle course, with the intention of inviting athletes to race on the obstacle course. Dirty Foot was allegedly negligent in the design and creation of the mud pit by failing to include the proper water depth of the pit;

- after creating the obstacle course, Dirty Foot and Land Development organized a race and invited athletes, including Durden, to participate;

- Land Development was also negligent in failing to maintain the proper water depth of the mud pit; and

- Durden suffered bodily injuries while competing in the race.

The record reflects that Maxum issued a Commercial General Liability policy to Dirty Foot, bearing Policy No. BDG 0057195-01, with coverage incepting on 11/25/2011 and terminating on 06/29/2012 (the "Policy"). The policy's commercial general liability coverage part (Form CG 00 01 12 07) provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from these at any time.…

The policy also contains Form E787 (6/1/2000), which provides:

## EXCLUSION – ATHLETIC OR SPORTS PARTICIPANTS AND PERFORMERS

This insurance does not apply to any claim or "suit" for "bodily injury," property damage," "personal and advertising injury" and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" from any person while participating or performing for or in any sports or athletic contest, event, or exhibition that you sponsor, including practice for such contest, event or exhibition.

The policy also contains Form E642 (1/1/2009), which provides:

## EXCLUSION – PARTICIPANTS AND CONTESTANTS

This insurance does not apply to any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" and we shall have no obligation to indemnify or defend any insured for "bodily injury," "property damage," or "personal and advertising injury" which occurs while any person is preparing for, practicing for or participating in any performance, contest, sport or event.

Maxum denied coverage to Dirty Foot because Durden was injured during a mud race obstacle course on Dirty Foot's and Land Development's property.

It is undisputed that, because Durden was injured while participating in Dirty Foot's obstacle course race, Maxum has no duty to defend or indemnify Dirty Foot based on the Policy's Athletic and Sports Participant Exclusion (Form E787 (6/1/2000)).

It is also undisputed that the Policy's Participants and Contestants Exclusion (Form E642 (1/1/2009)) applies because Durden was injured while participating in the obstacle

4

course race. Accordingly, the Court concludes that Maxum owes no coverage for Durden's injuries as a matter of law.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Final Summary Judgment (Dkt. 27) is GRANTED.

2. Plaintiff's Motion for Entry of Default Final Judgment against Dirty Foot Mud Ranch, LLC d/b/a Dirty Foot Adventure Run (Dkt. 28) is GRANTED.

3. The Court hereby declares that Plaintiff has no obligation to defend or indemnify Defendants in the Underlying Action.

4. The Clerk of Court is directed to enter Final Judgment in favor of Plaintiff and against Defendants.

5. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record